IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN MICHAEL KERN, III,            )
            )
         Plaintiff,         )
            )
         v.         )    Civil Action No. 20-1642
            )
COMMISSIONER OF SOCIAL SECURITY,   )
            )
         Defendant.      )

O R D E R

AND NOW, this 28th day of September, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

---

[1]    Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.

1981)).[2]

---

[2]       This is essentially a case where the Court is being asked to reweigh the evidence, in
particular, the medical source opinions.  However, if supported by substantial evidence, the
Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,
nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*,
181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806
F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).
Such is the case here.

Plaintiff argues that the Administrative Law Judge ("ALJ") provided inadequate reasons
for finding the opinions of consultative examiner Stacy Golman, Psy.D. (R. 540-47), and of state
reviewing agent Timothy Ostrich, Psy.D. (R. 75-89), to be more persuasive than that of David
Saenz, Ph.D., a psychologist who performed an assessment of Plaintiff at the request of counsel.
(R. 603-15).  However, the ALJ expressly addressed this evidence and explained her basis for
treating it as she did.  While Plaintiff does not agree with the ALJ's analysis, there was really
nothing improper about the factors she considered.  She accurately noted that Dr. Saenz was a
one-time examiner and that his opinion addressed and relied in part on medical issues beyond his
field of expertise.  (R. 22).  She also noted that the opinion at least touched on the ultimate issue
of whether or not Plaintiff was disabled, which is an issue reserved to the Commissioner.  *See* 20
C.F.R. § 416.420b(c)(3); *Griffin v. Comm'r of Soc. Sec.*, 305 Fed. Appx. 886, 891 (3d Cir. 2009).
As Dr. Saenz's opinion was focused at least as much on the general question of whether Plaintiff
could work as it was on his specific functionality, this was a fair point to raise.  The ALJ further
pointed out the inconsistency of the assessment with the objective medical evidence, the
conservative course of treatment, and Plaintiff's daily activities, which the ALJ discussed at
some length throughout the opinion.  Again, Plaintiff may not have liked the ALJ's conclusion
based on these factors, but they certainly were valid considerations.  *See* 20 C.F.R. §
416.920c(c).

Plaintiff points out that the opinions of Dr. Golman and Dr. Ostrich were as inconsistent
with Dr. Saenz's opinion as his was with theirs, and yet the ALJ still found them to be more
persuasive.  This is true, but it is also true in any case where there are differing opinions as to a
claimant's functional capacity.  The ALJ clearly considered and discussed all of the record
evidence in determining the consistency and supportability of the various opinions.  The Court
also notes that for cases such as this one, filed on or after March 27, 2017, the regulations have
eliminated the "treating physician rule."  *Compare* 20 C.F.R. § 416.927(c)(2) (applying to cases
prior to the amendment of the regulations) *with* 20 C.F.R. § 416.920c(a) (applying to later cases).
*See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating
relationship with the claimant is still a valid and important consideration, "the two most
important factors for determining the persuasiveness of medical opinions are consistency and
supportability."  82 Fed. Reg. at 5853.  *See also* § 416.920c(b) and (c).  Regardless, even under
the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to
consider the treating relationship between a claimant and an opining doctor, when the medical

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

<u>s/Alan N. Bloch</u>
United States District Judge


ecf:          Counsel of record

---

opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005); *Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005). The ALJ's evaluation, which acknowledged Dr. Saenz as an examining professional but focused also on broader factors, properly comported with Section 416-920c.

In short, the ALJ considered Dr. Saenz's opinion in light of all of the evidence, as she did with the other opinions in the record, and found it to be less persuasive than those other opinions. She likewise articulated valid reasons for this finding. In the end, the ALJ's findings regarding Plaintiff's residual functional capacity ("RFC"), and her ultimate determination that Plaintiff was not disabled, were based on several relatively consistent medical opinions, the objective medical evidence, Plaintiff's conservative course of treatment, and his activities of daily living. (R. 19-22). Indeed, the ALJ did not merely adopt the opinion of either Dr. Golman or Dr. Ostrich, but rather crafted an RFC that was in some ways more restrictive than either of these opinions. (R. 19, 85-87, 545-46). All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154. While Plaintiff offers an alternative analysis of the evidence, the Court emphasizes that "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.